UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN MOISES SANTIAGO GARCIA,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,

Respondents.

Case No. 1:26-cv-04018-NW

**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 13

Petitioner Juan Santiago Garcia is an immigration detainee proceeding with a first amended petition for writ of habeas corpus. *See* ECF No. 13. He seeks his immediate release from immigration detention, arguing that the bond hearing he received before an Immigration Judge ("IJ") was constitutionally inadequate because she did not produce written factual findings. *Id*. ¶¶ 21–28. Respondents argue that that petition should be dismissed because Petitioner has not yet exhausted his administrative remedy by appealing his § 1226(a) bond hearing determination to the BIA. *See* ECF Nos. 10, 14. For the reasons set forth below, the Court finds that Petitioner has failed to exhaust his administrative remedy of appealing his bond determination to the BIA, and dismisses the instant petition.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States as a Temporary Agricultural Worker with authorization to remain in the United States until February 10, 2022. *See* ECF No. 10-1 at 1. He remained in the U.S. past his visa's expiration, but did not seek further immigration relief. On May 14, 2026, he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and served a notice to appear placing him in removal proceedings, charging him as inadmissible for overstaying his visa. *Id*. Following his detention, Petitioner was provided

United States District Court
Eastern District of California

a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). The IJ denied bond, noting in the order that bond was denied because "Danger. Recent DUI arrest for drinking in public." ECF No. 10-2 at 1. The order does not include any further detail with respect to the IJ's findings and analysis. Neither party has submitted additional evidence with respect to the procedures followed at said hearing, the standard which the IJ applied at the hearing in denying bond, if the IJ made any factual findings orally, or what evidence the IJ considered. In response, Respondents simply note that the IJ *may* have issued its factual decision orally, which is permitted under federal regulations. ECF No. 14 at 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Both parties agree that Petitioner's detention is controlled by 8 U.S.C. § 1226(a) and that he was appropriately provided a bond hearing under that statute. Petitioner, however, maintains that the IJ's denial of bond through its one sentence order without submitting written factual findings violated his due process rights. *See* ECF No.13 ¶¶ 5, 6, 44–52. In opposition, Respondents argue that the Petition should be dismissed as Petitioner has failed to exhaust his administrative remedies by appealing the bond denial to the BIA. ECF No. 10 at 3–4.

Although 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," Ninth Circuit precedent may "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Specifically, Courts may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 537 (9th Cir.2003)).

The *Puga* factors weigh in favor of requiring exhaustion here. As to the first *Puga* factor, "the BIA has subject-matter expertise for individual immigration bond decisions and the authority to review appeals of such decisions by IJ's." *Martinez v. Scott*, No. 2:25-CV-01538-TSZ-GJL, 2025 WL 2689844, at *4–5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. C25-1538 TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025). Additionally, an appeal of Petitioner's order to the BIA would have the effect of generating a more complete record of the bond hearing proceedings—something that the Court is currently lacking. As noted by Respondents, bond hearing factual findings may be made either orally or in writing, *see* 8 C.F.R. § 1003.19(f), and that IJ's will prepare a more fulsome written bond decision if a bond determination is appealed to the BIA. ECF No. 14 at 1.

The second factor also weighs in favor of requiring exhaustion. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth v. Kaiser*, No. 1:25-CV-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026) (finding that the second *Puga* factor weighs in favor of prudential exhaustion). The Court of Appeals has held that § 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While *Rodriguez* did not foreclose as-applied challenges to § 1226(a), the instant petition ultimately challenges the finding

of dangerousness made by the IJ, even though the claim is labeled as a violation of due process. Petitioner has not argued that he was afforded insufficient process at the hearing itself, such as, for example, the IJ refusing to consider evidence or hear testimony. Indeed, Petitioner has not provided any facts with respect to what actually occurred at the bond hearing. Rather, his claim rests almost entirely on the fact that the IJ did not produce a fulsome written order.

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017). The BIA "has the authority to correct … erroneous factual determinations and evidentiary errors[.]" *Martinez*, 2025 WL 2689844, at *5. "[A]llow[ing] the agency to correct its own mistakes" regarding the IJ's determination of Petitioner's dangerousness could "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. Accordingly, all three factors support exhaustion in this instance.

The Court further finds that Petitioner has not made a showing that exhaustion should be excused. Where the *Puga* factors weigh in favor of prudential exhaustion, courts may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

Petitioner argues that exhaustion should be waived because the petition raises a constitutional challenge, and because the BIA cannot order full relief, including release or a constitutionally adequate hearing. The Court does not find either argument persuasive. Petitioner's only factual basis for his due process claim is that the IJ did not produce a written order. Without further evidence of what actually occurred at the bond hearing, the Court cannot find that the lack of a written order—standing alone—is a due process violation. Additionally, Petitioner has cited no authority supporting the contention that the BIA cannot order release, or require the IJ to hold a second bond hearing if warranted.

United States District Court
Eastern District of California

Accordingly, the Court dismisses the petition without prejudice to Petitioner refiling after further exhaustion of administrative remedies, or more fulsome evidence regarding the process provided to Petitioner at the hearing. The Clerk of the Court is ordered to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Noël Wise
United States District Judge